JESÚS M. ROLÓN MARXUACH, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, ARMINDO CADILLA GINORIO, JUDGE, Respondent.

No. C-66-131. Decided October 25, 1968.

*José M. Tejada* and *Santos P. Amadeo* for petitioner. *J. B. Fernández Badillo, Solicitor General,* and *Américo Serra, Assistant Solicitor General,* for respondent.

MR. JUSTICE TORRES RIGUAL delivered the opinion of the Court.

The trial court rendered judgment declaring valid and operative the confiscation performed by the Secretary of Justice in this case. Petitioner requests us to reverse this judgment alleging that: (1) the search which gave rise to the confiscation was unlawful and unreasonable, and (2) the trial court erred in declaring inadmissible the judgments of acquittal rendered in favor of petitioner in the criminal cases

prosecuted against him in connection with the same facts which gave rise to the confiscation. The petition lacks merit.

As to the first assignment, it suffices to examine the following findings of fact of the trial court, which are supported at length by the evidence:

"1. On February 25, 1965 about 1:00 o'clock in the afternoon policemen Gilberto Ferrer, badge 4672, and Juan A. Arroyo, badge 5160, intervened with plaintiff Jesús M. Rolón Marxuach.

"2. Such intervention was due to the fact that Mr. Jesús M. Rolón Marxuach was driving a Riviera Buick motor vehicle, 1964 model, license plate 866-923, going zig-zag, thereby obstructing the traffic, for which reason said policemen sounded the horn and then the siren of the patrol car and upon overtaking his car informed the driver to stop, which he did not do, for which reason they passed his car and went across his path, to make him stop.

"3. Upon approaching the driver they asked him for his driver's license and he refused to show it. He persisted in that refusal until he was taken before the examining magistrate who had to substitute the name of John Doe, under which the corresponding information and complaint had been provisionally filed for the violations committed, by that of Jesús M. Rolón Marxuach, since it was to this magistrate to whom he presented the driver's license and gave his name.

"4. When the policemen stopped plaintiff they asked him to alight from the car which he refused to do for which reason they had to proceed to take him out of the car and upon doing so they noticed that the person intervened smelled strongly of liquor and upon being taken out of the car, he could hardly stand on his feet.

"5. The policemen proceeded to arrest him and consequently to search him, finding in the pocket of his jacket a folding knife the blade of which measures 3½ inches.

"6. After this, they parked plaintiff's vehicle and called another patrol to pick it up and to take it to police station in order to order its confiscation for having been used for bearing, transporting, carrying, and conveying a weapon (a 3½ inch folding knife) in violation of the law."

It clearly appears from these facts that petitioner (a) operated a motor vehicle under the influence of intoxicating

liquor, (b) in a careless and reckless manner which could endanger the lives and properties of others, (c) he disregarded the notice of the siren of the police patrol and the instructions of the policemen to stop, (d) he refused to alight from the vehicle when the policemen requested him to do so and (e) he refused to show his driver's license to the policemen.

Petitioner invokes in support of his first assignment *People* v. *Sosa Díaz*, 90 P.R.R. 606 (1964). In said case we said that "the mere commission of a *minor traffic offense* does not authorize the search of the vehicle." We extended this rule in *People* v. *Polanco Marcial*, 95 P.R.R. 457 (1967), to protect not only the vehicle but also the person occupying it.

 The acts committed by petitioner constitute serious violations of the Vehicle and Traffic Law and of the Penal Code,[1] and not mere lesser traffic offenses. His conduct revealed such degree of contempt and obstinacy that it gives reasonable ground to the policemen to believe that petitioner was trying to escape and could attack them, or was armed, any of which justified the search. *People* v. *Sosa Díaz, supra; People* v. *Polanco Marcial, supra; People* v. *Riscard,* 95 P.R.R. 394 (1967). In said cases we said that the search incidental to an arrest is justified by the need to seize weapons and other objects which might be used to escape detention, as

---

[1] Act No. 141 of July 20, 1960, 9 L.P.R.A. §§ 871, 1041, and 1151, concerning the offenses of driving under the influence of intoxicating liquor, driving carelessly and recklessly and refusing to show the driver's license, and § 137 of the Penal Code, 33 L.P.R.A. § 495, concerning the resistance or obstruction to police officers in the discharge of any duty of their office. We must indicate that at the time of the occurrence in this case, the offense of driving under the influence of intoxicating liquor entails only imprisonment in jail for not less than ten days nor more than one year. Subsequently the punishment was amended to allow the imposition of a fine of not less than $100 nor more than $1,000 and/or imprisonment in jail for a term of not more than one year. Act No. 6 of April 30, 1965, 9 L.P.R.A. § 1042, Supplement.

well as by the need to prevent the destruction of evidence connected with the commission of the offense or to prevent or thwart an attack or assault on the one practicing the detention.

To sum up, the nature of the facts committed by petitioner as well as the circumstances surrounding the same justified the search not only of his person but also of the vehicle.

The second error assigned refers to the refusal of the trial court to admit in evidence copies of the judgments of acquittal rendered in favor of petitioner in the criminal cases prosecuted against him for the offenses of carrying weapons and driving under the influence of intoxicating liquor.

■ Petitioner has not placed us in a position to decide this assignment. He merely stated it as an error in the petition for certiorari without discussing it in his brief and without even seeking to show the grounds on which the same is based. For that reason we cannot consider it.

The judgment rendered by the trial court in this case will be affirmed.

Mr. Chief Justice Negrón Fernández did not participate herein.